UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YENDER MICHAEL VARGAS-MURILLO, Petitioner, v. MARKWAYNE MULLIN, et al., Respondents. | Case No. 5:26-cv-03579 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Yender Michael Vargas-Murillo filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"), seeking immediate release from immigration detention. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 9.) The Petition is granted in part.

## II. SUMMARY OF THE PETITION AND ANSWER

Petitioner alleges he is a native of Venezuela who, upon entry to the United States in 2022, was released by immigration officials under conditions of supervision. (Dkt. No. 1 at 14.)[1] Petitioner alleges he is the father of a United States citizen child and has no criminal history. (Id. at 15-16.) On July 25, 2023, Petitioner alleges he filed an application for Temporary Protected Status. (Id. at 15.) On September 20, 2023, Petitioner alleges he filed an application for asylum. (Id.) Petitioner argues that while Respondents contend that he did not comply with the conditions of his supervision under the Intensive Supervision Appearance Program ("ISAP"), he did in fact comply. (Id. at 16.) In one incident, Petitioner asserts that he requested permission to briefly return home before reporting to immigration authorities, which Respondents interpreted as a refusal to report. (Id.) In another instance, Petitioner asserts that he failed to report to an appointment in June 2025 because the reporting office was closed due to a federal holiday. (Id. at 17.) Petitioner alleges he was subsequently detained without adequate notice or a hearing. (Id. at 17-18.) Petitioner alleges the following grounds for relief: (1) a Fifth Amendment violation due to the revocation of Petitioner's liberty without pre-deprivation notice and a hearing; (2) a procedural due process violation due to the revocation Petitioner's liberty without pre-deprivation notice and a hearing; (3) a violation of the Fifth Amendment and arbitrary detention because there was no individualized determination made as to the necessity of Petitioner's detention; (4) a violation of 8 U.S.C. § 1226(a) because there was no individualized determination made as to the necessity of Petitioner's detention; and (5) the "Great Writ" requires

[1] All references are to the CM/ECF-generated pagination.

Petitioner's release because his detention is not justified. (Id. at 25-45.) Petitioner requests immediate release from custody, an injunction ordering Respondents to not re-detain Petitioner without advance notice and a hearing, declaratory relief, and, in the alternative, a bond hearing, with specified conditions, where Respondents must prove that Petitioner's detention is necessary by clear and convincing evidence. (Id. at 45-49.) Petitioner also requests various declarations involving the alleged violations of Petitioner's rights. (Id. at 46.)

Respondents filed an Answer, which argues Petitioner is not entitled to release because Petitioner missed four check-ins, three in 2026 alone, in violation of the conditions of his release. (Dkt. No. 9 at 2.) Respondents provided a declaration from an immigration officer, explaining that Petitioner violated his release conditions by missing check-ins on March 28, 2024, January 19, 2026, June 20, 2026, and June 23, 2026. (Dkt. No. 9, Ex. 1, at 1-2). Respondents contend that Petitioner was arrested as a result of these violations on June 24, 2026 and informed of his violations. (Id.) Respondents further contend Petitioner's relief should be limited to a bond hearing. (Dkt. No. 9 at 2.) Respondents do not otherwise contest Petitioner's alleged facts.

## III. DISCUSSION

### A. Petitioner is Entitled to Notice and a Bond Hearing

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many courts have found that noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See

Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"). This is in part because an individual who has been released on parole has an "implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

Petitioner is a native of Venezuela who, upon entry to the United States in 2022, was released by immigration officials under conditions of supervision. (Dkt. No. 1 at 14.) Petitioner is also the father of a United States citizen child and has no criminal history. (Id. at 15-16.) Petitioner's release on Alternatives to Detention ("ATD") created an "implicit promise" that he would not be re-detained absent changed circumstances and entitled Petitioner to pre-deprivation notice and a hearing. Respondents contend that the revocation of Petitioner's liberty was justified because Petitioner missed four check-ins in violation of the conditions of his release. (Dkt. No. 9 at 2.) To the extent Petitioner may have violated the conditions of his release, such a fact does not strip Petitioner of his due process right to notice and a hearing prior to re-detainment.[2] See

---

[2] Petitioner contends that that he complied with the conditions of his supervision under ISAP. (Dkt. No. 1 at 16.) While resolving this factual dispute may be pertinent in the context of a bond hearing, the Court does not resolve this dispute here because it has no bearing on Petitioner's due process right to challenge the revocation of his release.

R.A.N.O, 820 F. Supp. 3d at 1105 (finding such considerations "may well be relevant to a neutral decisionmaker's detention determination, but they do not eliminate petitioner's right to due process"). Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of his release. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 967, 970 (N.D. Cal. 2019) (holding that a petitioner in ISAP was entitled to pre-deprivation notice and a hearing before re-arrest). As such, the Court finds Respondents violated Petitioner's procedural due process rights.[3]

B. Remedy

In light of the above analysis, the only remaining question before the Court is the appropriate remedy. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). Petitioner, as a noncitizen who was arrested after release on ISAP, has a due process right to a hearing that establishes whether Petitioner is a flight risk or danger to the community. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("At a hearing, a neutral decisionmaker can consider all of the facts and evidence before him to determine whether Petitioner in fact presents a risk of flight or dangerousness."). Because Petitioner was entitled to notice and a hearing prior to immigration detention, Petitioner will be prejudiced in having to litigate a bond hearing while in immigration

[3] Because the Court finds Petitioner is entitled to relief due to this procedural due process violation, the Court does not reach the other grounds asserted. Furthermore, all the other grounds asserted are centered around the lack of a bond hearing or individualized custody determination. (Dkt. No. 1 at 25-45.) Petitioner has not provided any argument, and the Court sees no reason why, these other grounds entitle Petitioner to additional relief.

detention. See Herman v. DHS, No. 5:26-CV-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) ("As numerous courts have recognized, detention makes it more difficult for noncitizens to access counsel, obtain evidence, and otherwise prepare for a bond hearing.") (citations omitted). Accordingly, the Court finds the appropriate remedy to be a bond hearing where Respondents have the higher burden of demonstrating, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. See, e.g., R.D.T.M. v. Wofford, No. 1:25-CV-01141-KES-SKO (HC), 2026 WL 191638, at *1 (E.D. Cal. Jan. 23, 2026) (finding a bond hearing under the clear and convincing standard to be the appropriate remedy when the petitioner was entitled to a pre-deprivation hearing before re-detention); see also Pablo Sequen v. Albarran, 806 F. Supp. 3d 1069, 1092 (N.D. Cal. 2025) (justifying the clear and convincing standard in part because "Rodriguez Diaz recognized that even where... statutory protections are available, greater protections may be constitutionally necessary in individual cases where the risk of an erroneous deprivation of liberty is particularly high") (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212-13 (9th Cir. 2022)). To the extent Petitioner seeks an injunction against future detention without notice and a hearing in the event Petitioner is released, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

## IV. ORDER

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Yender Michael Vargas-Murillo (A#240-859-129) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order. At the bond hearing, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public; and

3) Judgment shall be entered accordingly.

Dated: 09/08/2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge